IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION

THOMAS REGGIE YOUNG, JR., :
:
    Plaintiff :
:
:
VS. : 7 : 07-CV-168 (HL)
:
SHERIFF GARY VOWELL, et al., :
:
:
    Defendants. :

**ORDER AND RECOMMENDATION**

Presently pending in this action brought pursuant to 42 U.S.C. § 1983 is the defendants' Motion to Dismiss, filed on January 21, 2008. The plaintiff filed this action on October 2, 2007, raising allegations that his constitutional rights had been violated by his transfer from the Tift County Jail to the Crisp County Detention Center, which according to the plaintiff was the result of retaliation for his past grievances against Tift County officials. The court issued an order requiring a response to the Motion to Dismiss on January 22, 2008. The plaintiff did not file a response to the court's directives until April 17, 2008, when he submitted a change of address notification indicating that he was now housed at the Thomas County Prison and that he had been housed at Coastal State Prison from November 29, 2007 until January 29, 2008.

*Plaintiff's Motion to file Out-of-Time response*

In his response to the defendants' Motion to Dismiss, filed almost two (2) months after the response was originally due, the plaintiff states that he was housed at Coastal State Prison between November 29, 2007 and January 29, 2008, and that while there he had only limited access to legal materials. He further asserts that on April 15, 2008, he received two letters, one

from defense counsel and one from the Clerk's office, causing the plaintiff to notice that this mail was addressed and sent to the Coastal State Prison address.

As the defendants point out, the plaintiff does not assert that he did not receive their Motion to Dismiss and does not provide any reason for his failure to file a timely notice of his address change in January 2008. Furthermore, any alleged deficiencies in the legal facilities at Coastal State Prison would have had little or no effect on plaintiff's ability to respond to the defendants' motion, as he was transferred from Coastal only eight (8) days after their motion was filed. The court therefore **DENIES** the plaintiff's motion to file an out-of-time response to the defendants' Motion to Dismiss.

*Defendants' Motion to Dismiss*

The defendants maintain that the plaintiff's constitutional rights were not infringed by his transfer from one jail to another, inasmuch as inmates do not have a constitutional right to be housed at a certain facility. The defendants cite to various cases wherein courts have held that the Due Process clause does not require that a hearing be held prior to an inmate's transfer between correctional facilities, as long as conditions remain within the sentence imposed.

However, the defendants' motion to dismiss can be granted only if Plaintiff's complaint, with all factual allegations accepted as true, demonstrates "beyond doubt that the plaintiff can prove no set of facts in support of [his] claim that would entitle [him] to relief." *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957); *Jackam v. Hosp. Corp. of Am. Mideast, Ltd.*, 800 F.2d 1577, 1579 (11th Cir. 1986). It is well established that discipline imposed in retaliation for a prisoner's exercise of a constitutionally protected right is actionable. *Wildberger v. Bracknell,* 869 F.2d 1467, 1468 (11th Cir. 1989). Allegations that prison officials' actions were taken in

2

retaliation for the filing of lawsuits or administrative grievances "bring[s] [such] actions that might not otherwise be offensive to the Constitution . . . within the scope of the Constitution . . . This type of retaliation violates both the inmate's right of access to the courts and the inmate's First Amendment rights." *Wright v. Newsome*, 795 F.2d 964, 968 (11th Cir. 1986).

The court notes as well that "First Amendment rights to free speech and to petition the government for a redress of grievances are violated when a prisoner is punished for filing a grievance concerning the conditions of his imprisonment." *Boxer X v. Harris*, 437 F.3d 1107, 1112 (11th Cir. 2006). "The gist of a retaliation claim is that a prisoner is penalized for exercising the right of free speech." *Thomas v. Evans*, 880 F.2d 1235 (11th Cir. 1989).

The cases to which the defendants cite, specifically *Jackson v. Johnson*, 2005 WL 1676687, decided in this district, involve the determination of a retaliatory transfer claim at the summary judgment stage of proceedings. Once a plaintiff's claim reaches this stage, a plaintiff bringing a retaliation claim must provide more than conclusory allegations of the defendant's retaliatory motive in order to survive the defendant's properly supported summary judgment motion. *McCain v. Scott*, 9 F. Supp.2d 1365, 1370 (N.D.Ga. 1998). In order to establish his claim of retaliation, the plaintiff must show that he was engaged in protected conduct, which conduct was a substantial or motivating factor in the retaliatory action. *Mt. Healthy City School Dist. v. Doyle*, 97 S. Ct. 568, 576 (1977). "The inmate must produce direct evidence of motivation or, the more probable scenario, 'allege a chronology of events from which retaliation may plausibly be inferred.'" *Woods v. Smith*, 60 F.3d 1161, 1166 (5th Cir. 1995) (quoting *Cain v. Lane*, 857 F.2d 1139, 1143 n.6 (7th Cir. 1988)). Although a plaintiff bringing a claim based on an official's improper motive need not adduce clear and convincing evidence of said motive

3

to defeat a summary judgment motion, the plaintiff "must identify affirmative evidence from which a jury could find that the plaintiff has carried his or her burden of proving the pertinent motive." *Crawford-El v. Britton*, 118 S. Ct. 1584, 1598 (1998). Although the plaintiff's claims of retaliatory transfer may ultimately fail against a properly support summary judgment motion, at this stage of the proceedings, reviewing the defendants' Motion to Dismiss, the court cannot conclude that Plaintiff's complaint, with all factual allegations accepted as true, demonstrates "beyond doubt that the plaintiff can prove no set of facts in support of [his] claim that would entitle [him] to relief." "A motion to dismiss does not test whether the plaintiff will prevail on the merits of the case; it tests the legal sufficiency of the complaint." *Gantt v. City of Forsyth*, 2007 WL 2986406 (M.D.Ga.) (citing *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974)).

To the extent that the defendants assert that the plaintiff failed to exhaust his administrative remedies by filing a grievance regarding the underlying claims, the court notes that the Standard Operating Procedures governing the filing of grievances within the Georgia Department of Corrections facilities provides in pertinent part that "[t]ransfers of inmates between institutions" are "[n]on-grievable issues". G.D.O.C. S.O.P. IIB05-0001. Although the plaintiff complains about his transfer between county facilities, the court has no indication before it that the plaintiff's transfer complaint was in fact grievable.

Accordingly, it is the recommendation of the undersigned that the defendants' Motion to Dismiss be **DENIED**. Pursuant to 28 U.S.C. § 636(b)(1), the parties may file written objections to this recommendation with the Honorable Hugh Lawson, Chief United States District Judge, WITHIN TEN (10) DAYS of receipt thereof.

**SO ORDERED AND RECOMMENDED**, this 20th day of June, 2008.


    /s/ ***Richard L. Hodge***
RICHARD L. HODGE
UNITED STATES MAGISTRATE JUDGE