IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION

| | | |
|---|---|---|
| THOMAS REGGIE YOUNG, JR., | : | |
| Plaintiff | : | |
| VS. | : | 7 : 07-CV-168 (WLS) |
| Captain JERRY LIPSEY, Sheriff GARY VOWELL, and Lieutenants BRYAN GIDDENS and TANJIE DENNISON, | : | |
| Defendants. | : | |

**RECOMMENDATION**

Presently pending in this action brought pursuant to 42 U.S.C. § 1983 are motions for summary judgment filed by the defendants and the plaintiff. The plaintiff filed this action in October 2007, raising allegations of retaliatory transfer against the defendant officials of the Tift County Jail. The undersigned notified the plaintiff of the filing of the defendants' motion, advised him of his obligations under the law, and directed him to respond thereto within thirty (30) days of his receipt of the court's order.

*Background*

Plaintiff brings this action against Sheriff Gary Vowell, Captain Jerry Lipsey, and Lieutenants Bryan Giddens and Tanjie Dennison. Plaintiff asserts that he issued a grievance to Captain Lipsey and letters to the NAACP director and certain media outlets complaining about the overcrowding at the Tift County Jail. The plaintiff asserts that immediately after he issued these letters and grievance, he was transferred by the defendants to the Crisp County Detention Center. Plaintiff also alleges that he was transferred from the Tift County Jail to the Turner

County Jail in October 2006, following the filing of a grievance regarding jail conditions.

In their motion for summary judgment, the defendants set out the multitude of grievances and request forms filed by the plaintiff during his most recent three-month confinement at the Tift County Jail, as well as the responses provided by jail officials. According to the affidavit testimony provided by Captain Lipsey, he concluded that the plaintiff's requests and grievances had resulted and were calculated to result in frustration and tension among jail officials, as well as disruption in the efficient running of the jail.

*Standard of review*

Pursuant to Rule 56 of the Federal Rules of Civil Procedure, summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." All facts and reasonable inferences drawn therefrom must be viewed in the light most favorable to the nonmoving party, although the nonmoving party may not rest on the pleadings but must set forth specific facts showing that there is a genuine issue for trial. Fed. R. Civ. P. 56(e); *Van T. Junkins & Assoc. v. U.S. Industries, Inc.*, 736 F.2d 656, 658 (11th Cir. 1984).

As the party moving for summary judgment, the defendant has the initial burden to demonstrate that no genuine issue of material fact remains in this case. *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986); *Clark v. Coats & Clark, Inc.*, 929 F.2d 604 (11th Cir. 1991). The movant "always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of the record, including pleadings, discovery materials, and affidavits, which it believes demonstrate the absence of a genuine issue of material fact." *Celotex*, 477 U.S. at 323. The defendants have supported their motion for summary judgment

with the affidavit of Captain Lipsey, the jail administrator for the Tift County Jail, as well as the pleadings on file.

It is well established that discipline imposed in retaliation for a prisoner's exercise of a constitutionally protected right is actionable. Wildberger v. Bracknell, 869 F.2d 1467, 1468 (11th Cir. 1989). Allegations that prison officials' actions were taken in retaliation for the filing of lawsuits or administrative grievances "bring[s] [such] actions that might not otherwise be offensive to the Constitution . . . within the scope of the Constitution . . . This type of retaliation violates both the inmate's right of access to the courts and the inmate's First Amendment rights." Wright v. Newsome, 795 F.2d 964, 968 (11th Cir. 1986). However, a plaintiff bringing a retaliation claim must provide more than conclusory allegations of the defendant's retaliatory motive in order to survive the defendant's properly supported summary judgment motion. McCain v. Scott, 9 F. Supp.2d 1365, 1370 (N.D.Ga. 1998).

In order to establish his claim of retaliation, the plaintiff must show that he was engaged in protected conduct, which conduct was a substantial or motivating factor in the retaliatory action. Mt. Healthy City School Dist. v. Doyle, 97 S. Ct. 568, 576 (1977). "The inmate must produce direct evidence of motivation or, the more probable scenario, 'allege a chronology of events from which retaliation may plausibly be inferred.'" Woods v. Smith, 60 F.3d 1161, 1166 (5th Cir. 1995) (quoting Cain v. Lane, 857 F.2d 1139, 1143 n.6 (7th Cir. 1988)).

In his affidavit testimony, Captain Lipsey states that he arranged for the plaintiff to be transferred to the Crisp County Detention Center on September 8, 2007, and that at that time

> it appeared to me that the sheer volume of Young's requests and complaints as well as the response of jail officials to those requests had caused jail officials to spend an inordinate amount of time resolving issues raised by Young. Accordingly, it had become a source of frustration and tension among jail officials and a deterrent to efficient and orderly jail administration. . . . it also appeared to me that several

3

> of Young's complaints appeared calculated to chip away at the patience of jail officials . . . [and that] Young was targeting a dangerous escalation of friction toward specific jail officials. . . . The friction and apprehension that Young exhibited raised concerns over the safety of jail officials as well as the safety of Young.
>
> At the time of his transfer, it also appeared to me that Young was experiencing frustration and hostility during an adjustment to his incarceration . . . I felt it was in the best interests and safety of Young, and in the best interests and safety of jail officials, as well as the best way to promote efficient and orderly administration of the Jail, if Young was transferred.

*Lipsey affidavit at ¶¶ 42 - 45.*

Courts have recognized that in these situations, prison officials must be accorded a certain amount of deference, and that "[t]he ability to transfer a prisoner who is interfering with prison administration and staff morale goes to the essence of prison management. . . . [A transfer designed to] give prison staff a respite from [a] continuous barrage of grievances is not an impermissible reason for a transfer." *Ward v. Dyke*, 58 F.3d 271, 274 (6th Cir. 1995).

The plaintiff herein has failed to effectively refute the defendants' summary judgment showing and the contentions therein, evidencing that the plaintiff was transferred out of the Tift County Jail due to the burden placed on the jail by the plaintiff's constant filing of grievances and complaints. The plaintiff has failed to provide the court with any evidence beyond his conclusory allegations of retaliation. Although a plaintiff bringing a claim based on an official's improper motive need not adduce clear and convincing evidence of said motive to defeat a summary judgment motion, the plaintiff "must identify affirmative evidence from which a jury could find that the plaintiff has carried his or her burden of proving the pertinent motive." Crawford-El v. Britton, 118 S. Ct. 1584, 1598 (1998). This the plaintiff has failed to do. The plaintiff has filed what he terms an affidavit in opposition to the defendants' summary judgment showing, although he merely reiterates

therein his claims of retaliation, supported by nothing more than his conjecture and speculation that he was transferred because he served as a "jail-house lawyer".  The plaintiff offers no additional support of his claims or in opposition to the defendants' summary judgment motion and fails to rebut the showing of the burden placed on the jail by plaintiff's filing of grievances and the need for jail safety and efficiency to transfer plaintiff.  *See Osterback v. Kemp*, 300 F. Supp. 2d 1238 (N.D.Fl. 2003) (defendant prison officials showed that they had a legitimate reason for transferring prisoner to another facility, separate and apart from any motive to retaliate, and plaintiff's retaliation claim therefor failed).

*Plaintiff's Motion for Summary Judgment*

In his motion for summary judgment, the plaintiff essentially responds to the contentions of the defendants' motion for summary judgment in the form of a notarized statement.  This "motion" provides an insufficient basis upon which to grant summary relief.

Accordingly, it is the recommendation of the undersigned that the defendants' Motion for Summary Judgment be **GRANTED** and that the plaintiff's Motion for Summary Judgment be **DENIED**.  Pursuant to 28 U.S.C. § 636(b)(1), the parties may file written objections to this recommendation with the Honorable W. Louis Sands, United States District Judge, WITHIN TEN (10) DAYS of receipt thereof.

**SO RECOMMENDED**, this 30th day of July, 2009.

/s/ *Richard L. Hodge*
RICHARD L. HODGE
UNITED STATES MAGISTRATE JUDGE